Filed 7/8/26  P. v. Coughlin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>DENNIS HENRY COUGHLIN,<br>    Defendant and Appellant. | C103415<br><br>(Super. Ct. No. 23CR2454) |

Appointed counsel for defendant Dennis Henry Coughlin has asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to Coughlin, we affirm the judgment.

BACKGROUND

In August 2021, Coughlin provided the victim, J.V., with an estimate of $181,700 to renovate a condominium.  In March 2022, the victim terminated Coughlin's services after paying him $144,425.

In December 2023, the People charged Coughlin with diverting construction funds (Pen. Code, § 484b; count 1), failing to secure workers' compensation insurance (Lab. Code, § 3700.5; count 2), and requiring an excessive downpayment on a home improvement contract (Bus. & Prof. Code, § 7159.5, subd. (a)(3); count 3).

1

In May 2024, Coughlin pleaded no contest to counts 1 and 2 in exchange for two years' formal probation and 60 days in county jail, with restitution to the victim to be determined. The trial court dismissed count 3 on the People's motion.

In June 2024, the trial court placed Coughlin on formal probation for two years and ordered him to serve 60 days in county jail. The court awarded custody credit for 19 actual days and 18 conduct days, for a total of 37 days. In July 2024, the court granted Coughlin's request to serve the remaining custodial time on home detention and set a date for a contested restitution hearing.

The parties filed restitution briefs with exhibits. Coughlin argued that the proper restitution award was $18,093, representing the difference between the amount he was paid ($143,675) and the value of the work he performed ($125,582). The People contended that the victim suffered losses of: $144,425 in payments to Coughlin; $33,269.24 in payments to a replacement contractor to fix the deficiencies in Coughlin's work; $96,443 in rental income lost between the time the renovation was supposed to be complete and the time the replacement contractor finished the work; and $5,000 in attorneys' fees incurred to resolve a mechanics lien on the property filed by a subcontractor Coughlin failed to pay. Subtracting $18,000 for the value of the work that Coughlin completed, the prosecution sought more than $260,000 in total restitution.

At the scheduled restitution hearing in December 2024, the trial court advised the parties that it would take the matter under submission and issue a written ruling.

In January 2025, the trial court issued a detailed written order awarding restitution. After reviewing the documentary and photographic evidence, the court found that the victim was entitled to restitution of $126,425 for payments made to Coughlin, less an offset of $18,500 for work he completed; $33,269.24 for the cost of correcting Coughlin's deficient work; and $5,000 for attorneys' fees. The court found that the victim failed to show "a sufficient nexus" for recovery of lost rental income. The court

ordered a total restitution award of $146,221.24, with 10 percent annual interest beginning from the date of sentencing.

Coughlin filed a timely notice of appeal.

## DISCUSSION

Coughlin's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)[1]  Coughlin was advised by counsel of his right to file a supplemental brief within 30 days from the filing of the opening brief.  We have not received any communication from him.

We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to Coughlin.

## DISPOSITION

The judgment is affirmed.

/s/ _____
FEINBERG, J.

We concur:


/s/ _____
HULL, Acting P. J.



/s/ _____
MAURO, J.

_____

[1]  Appellate counsel notes that the sum of the restitution components is $146,194.24, which is $27 less than the total awarded.  We need not address this discrepancy because a challenge to any computational error was forfeited by the failure to object below. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)